USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES LIDESTRI,

                Plaintiff,

    -v.-

AUDREY BURNS,

                Defendant.

25 Civ. 1166 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

Plaintiff James Lidestri brings this action for defamation and negligent and intentional infliction of emotional distress, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See* ECF No. 1 (Compl.). Specifically, the Complaint alleges that Plaintiff is "an individual resident of the State of New York," *id.* ¶ 4, and that "Defendant is an individual resident of the State of Oklahoma." *Id.* ¶ 5. With respect to the amount in controversy, the Complaint avers that Plaintiff "is entitled to compensatory, special and punitive damages in an amount to be proven at trial far in excess of Two Hundred Fifty Thousand ($250,000.00) Dollars." *Id.* ¶ 39.

"Before addressing the merits of [Plaintiff's] claims . . . , the Court must confirm its subject-matter jurisdiction." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20 Civ. 731 (PAE), 2020 WL 7711629, at *1 (S.D.N.Y. Dec. 29, 2020). "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Diversity of citizenship is "the only possible basis" for subject matter jurisdiction in this case. *Tutor Perini*, 2020 WL 7711629, at *1. "It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc.*

*v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Diversity jurisdiction lies "only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

Here, "the Complaint alleges only the state of residence of [both Plaintiff and Defendant,] rather than [their] state of citizenship." *Prime Prop. & Cas. Ins., Inc. v. Cardenas*, No. 23 Civ. 935 (JMF), 2023 WL 1797268, at *1 (S.D.N.Y. Feb. 7, 2023) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). Indeed, as the Supreme Court has explained, "'[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the state.'" *Buff v. Miltsein*, No. 24 Civ. 3091 (MKV), 2024 WL 3638697, at *2 (S.D.N.Y. Aug. 2, 2024) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original); *see also In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003) (same). But the Complaint fails to state whether the parties simply reside in New York and Oklahoma, respectively, or whether, instead, they are domiciled in those states and are citizens of the United States. *See* Compl. ¶¶ 4-5.

Accordingly, it is hereby ORDERED that, on or before **February 28, 2025**, Plaintiff shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's submission shall include an affidavit attesting to any facts relevant to the diversity analysis, including whether the parties are "citizen[s] of the United States and . . . domiciled within" New York and Oklahoma, respectively. *Buff*, 2024 WL 3638697, at *2. If, by **February 28, 2025**, Plaintiff fails to establish the requisite citizenship of the parties, then **the Court may dismiss the case for lack of subject matter jurisdiction without further notice**.

SO ORDERED.

Dated: February 21, 2025
New York, New York

                                                   JENNIFER H. REARDEN
                                                   United States District Judge