UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMES LIDESTRI,

                 Plaintiff,

-v.-

AUDREY BURNS,

                 Defendant.
----------------------------------------------------------x

25 Civ. 1166 (JHR)

**ATTORNEY'S SECOND <u>AFFIRMATION</u>**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/19/2025

The Court's February 21, 2025 Order to show cause concerning subject matter jurisdiction (see ECF No. 3) is satisfied. Plaintiff's request to file an amended complaint reflecting the information about the parties' citizenship provided in ECF Nos. 4 and 8 is GRANTED. Plaintiff shall amend his complaint by **March 26, 2025**.

SO ORDERED.

*/s/ Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: March 19, 2025

PETER E. BRILL, an attorney duly admitted to practice before this Court, affirms the following under penalty of perjury:

1. I am a member of the law firm BRILL LEGAL GROUP, P.C., attorneys for Plaintiff, James Lidestri, and am fully familiar with the facts and circumstances set forth herein.

2. I submit this second Affirmation in response to the Court's Order to Show Cause of February 21, 2025.

3. As noted in the attached Declaration of Investigator Bobby Dobbs, he has taken a number of investigatory steps that show Defendant Audrey Burns is a citizen of Oklahoma.

4. As laid out in more detail in his declaration, among other things, Mr. Dobbs found Ms. Burns' social security number, residential address, temporary license plate, and then her permanent license registration; he had a conversation with her sister; and he determined that her driver's license must also reflect an Oklahoma address.

5. Therefore, Mr. Dobbs concludes that Ms. Burns is a citizen of Oklahoma.

6. "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co*., 224 F.3d 139, 141 (2d Cir. 2000). As the

Court has pointed out here, Plaintiff has failed to adequately plead diversity jurisdiction by mistakenly alleging only that Plaintiff and Defendant resided in New York and Oklahoma, respectively, rather than that they were domiciled in each state within the meaning of 28 U.S.C. § 1332.

7. "Failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Federal law provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. As such, when the record supports a factual basis for diversity, leave to correct a technical defect is freely given. See *Canedy*, 126 F.3d at 103. "Unless the record clearly indicates that the complaint could not be saved by any truthful amendment, we generally afford an opportunity for amendment." *Id.*

8. Given the facts in Plaintiff Lidestri's previously-filed Declaration (Dkt # ) and Mr. Dobbs' attached Declaration and accompanying exhibits, Plaintiff respectfully submits that he can now allege an adequate basis for diversity jurisdiction in that each party demonstrates both physical presence (in their respective state) and intent to stay. *See Universal Reinsurance Co.*, 224 F.3d at 141. Plaintiff therefore requests leave to file an amended complaint reflecting the appropriate facts and language.

Dated: March 18, 2025
      New York, New York

**BRILL LEGAL GROUP, P.C.**
*Attorneys for Plaintiff*

By: _____
Peter E. Brill
176 Lexington Avenue, Suite O
New York, NY 10016
(212) 233-4141
pbrill@brill-legal.com