VERIDIAN LEGAL

23 West 73rd Street  T: (212) 706-1007
Suite 102  F: (646) 849-0033
New York, NY 10023  www.veridianlegal.com

April 28, 2025

**Via ECF**
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

*Re:   Lidestri v. Burns*
*Docket No. 25-cv-01166*

Dear Judge Rearden,

We represent the defendant in the above-captioned case, Audrey Burns ("Burns" or "Defendant"). Please accept this letter pursuant to Your Honor's Individual Part Rule 5(C). The accompanying motion to dismiss is filed pursuant to 12(b)(2) and (6).

By way of background, when Defendant was a minor, she was sexually assaulted by plaintiff James Lidestri ("Lidestri" or "Plaintiff") while at his house for a photoshoot. Years later, on November 10, 2024, The New York Times (the "Times") wrote an article referencing Lidestri with regard to a different then-fifteen-year-old girl. The initial piece focused on the dangers faced by children on platforms that monetize "attention from men who are sexually interested in minors," mentioning Lidestri's site, SelectSets, in particular. On December 30, 2024 the Times wrote a follow up piece about three other victims of Lidestri. That article is the subject of the instant lawsuit. Lidestri's First Amended Complaint (the "Complaint") asserts three causes of action (1) defamation, (2) negligent infliction of emotional distress and (3) intentional infliction of emotional distress.

Initially, the Complaint should be dismissed because it runs afoul of F.R.C.P. Rule 8, often containing sections with long, rambling sentences. From a substantiative standpoint, the Complaint fails to assert a cause of action for intentional infliction of emotional distress as the claim is duplicative of Lidestri's defamation claim, and the complained of conduct does not rise to the level of extreme and outrageous.

The Complaint also fails to assert a cause of action for negligent infliction of emotional distress because the alleged conduct is intentional, Lidestri does not plead genuine emotional distress, and because he fails to allege Defendant owed him any duty.

Dealing with Plaintiff's defamation cause of action, the Complaint fails to plead with particularity the allegedly false statements. The Complaint creates sentences that are not included in the article, such as an allegation that Lidestri drugged Burns. Many of the statements in the Complaint were not published by Audrey and are also not capable of a defamatory



As of April 28, 2025
Page 2

meaning, not concerning the Plaintiff, and are true. Lidestri is also a limited public figure, and the Complaint is devoid of the requisite allegations of malice. Finally, given Burns is not a resident of New York, and does not transact business in New York, the Complaint should be dismissed for lack of personal jurisdiction under New York's long-arm statute.

    For all of the reasons contained within the annexed memorandum of law and Defendant's declaration, it is respectfully requested the Complaint be dismissed with prejudice.

    Respectfully submitted,

    VERIDIAN LEGAL P.C.

    By: Daniel S. Szalkiewicz, Esq.
    *daniel@veridianlegal.com*