UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LIDESTRI,

                Plaintiff,

    -against-

AUDREY BURNS,

                Defendant.

Case No.: 25-cv-1166

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

 

VERIDIAN LEGAL P.C.

Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@veridianlegal.com
*Attorneys for Defendant*

**PRELIMINARY STATEMENT**

Initially, Plaintiff's self-serving Affidavit in Opposition does nothing to remedy the factual holes in his legal arguments and is instead seemingly designed to portray Defendant and non-party the New York Times in a negative light.

Further, however, Plaintiff's Memorandum of Law and supporting Declaration do not save Plaintiff's deficient pleadings. Plaintiff has abandoned his intentional infliction of emotional distress cause of action. His negligent infliction of emotional distress cause of action is deeply flawed as Plaintiff fails to assert anything resembling negligence and, in fact, admits that Defendant's actions were intentional, among other deficiencies. And Plaintiff's remaining cause of action – defamation – fails because he has failed to assert that Defendant acted with actual malice.

All of the above issues warrant dismissal of Plaintiff's Amended Complaint, however, dismissal is also appropriate here as this court does not have jurisdiction over Defendant.

**ARGUMENT**

I. **PLAINTIFF HAS ABANDONED HIS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAUSE OF ACTION AND HIS NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CAUSE OF ACTION IS DEFICIENT AND MUST FAIL**

Plaintiff is abandoning his intentional infliction of emotional distress cause of action. Instead, he is arguing that because he and Defendant entered into a contract more than a decade ago when Defendant was a minor, she owed him a duty – apparently to keep quiet about what happened when the New York Times interviewed her – and therefore he has a cause of action or negligent infliction of emotional distress ("NIED"). Plaintiff's nonsensical argument is perfectly

2

incapsulated in his final paragraph of his NIED section where he states there was an implicit covenant of good faith and fair dealing in their contract which created a duty not to harm him even "though Plaintiff concedes that Defendant's actions were intentional."

A cause of action for NIED "generally must be premised upon the breach of a duty owed to plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes plaintiff to fear for his or her own safety" and "must be supported by allegations of conduct by the defendants" which are extreme and outrageous. Sheila C. v Povich, 11 AD3d 120, 130 [1st Dept 2004]. "A negligent infliction of emotional distress cause of action "must fail where, as here, '[n]o allegations of negligence appear in the pleadings'" Borrerro v Haks Group, Inc., 165 AD3d 1216, 1219 [2d Dept 2018].

Initially, Plaintiff admits he is only alleging intentional acts. Based on this fact alone, his NIED cause of action must fail. Additionally, Plaintiff's NIED claim fails because he does not allege he has any fear or his safety. On top of this, Plaintiff neglects to explain how Defendant ever owed him any duty not to speak about her experiences, much less how that duty still exists even though the alleged contract that created it was executed by a minor in 2013 and the parties have not worked with one another for approximately one decade. Plaintiff further fails to assert how Defendant sharing her story with a reporter constitutes extreme and outrageous conduct.

For all of these reasons, Plaintiff's cause of action for NIED must fail.

II. **THIS IS NOT A MATTER OF PURELY PRIVATE CONCERN, IT IS A MATTER OF PUBLIC INTEREST AND BURDEN IS NOT ON DEFENDANT TO PROVE TRUTH OF HER STATEMENTS**

Plaintiff argues that Defendant's alleged claims about him in this New York Times article – the second in which he appeared for his role in photographing underage girls around the country

3

– are a matter of purely private concern and therefore, "Defendant bears the burden of pleading and proving truth." Initially, Plaintiff's citation to a Westchester County Supreme Court case from 1989 on burden shifting fully overlooks anti-SLAPP developments which have occurred since then. See: Coleman v Grand, 523 F Supp 3d 244 [EDNY 2021].

For all the reasons delineated in Defendant's motion, Defendant submits that the matters discussed in the New York Times article were those of public petition and participation which require Plaintiff to plead actual malice to survive a motion to dismiss. However, instead of pleading actual malice, Plaintiff has chosen to claim that Defendant and the other, multiple women, who spoke ill of him are all lying and only doing so to retaliate against him due to contract disputes which took place approximately ten years ago. Ill will or spite is not enough.

New York's amended anti-SLAPP law makes Plaintiff's status as a public figure all but irrelevant because he still must prove Defendant acted with "actual malice because he brings 'a claim based upon…lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest.'" Coleman v Grand, 523 F Supp 3d 244, 259 [EDNY 2021]. The same court then interpreted "public interest" as "broadly, as encompassing all but purely private matters" and "a dispute that in fact has received public attention because its ramifications will be felt by person who are not direct participants" and including "'a matter of political, social, or other concern to the community,' even if it does not 'affect the general population.'" Id.

Plaintiff concedes that the New York Times ran two stories involving him – the first he claims was "to let the world know that I was involved in a business that allowed minor models to participate" and then the second "follow-up article" was the one at issue here. Clearly there was

4

sufficient public interest in the first story *which did not involve Defendant* to warrant the New York Times publishing a second story.

Accordingly, men exploiting minor girls online is a matter of public interest and anti-SLAPP applies. As a result, Plaintiff must allege Defendant acted with actual malice.

### III.     PLAINTIFF HAS NOT ESTABLISHED NEW YORK HAS JURISDICTION OVER DEFENDANT

Finally, Plaintiff claims that New York has jurisdiction over Defendant because, when Defendant was sixteen, she came to New York and signed a contract here; because this is where the alleged sexual assault took place; and because he lives and banks in New York. In support of this, Plaintiff misinterprets Legros v. Irving and other cases to claim that the actions relevant to jurisdiction are the underlying facts relating to the defamatory statement(s) not the facts of publication. This is incorrect.

In Legros v. Irving the court considered where the "work attendant upon publication of the book occurred" as well as where it was researched, where the book publisher's contract negotiations and execution took place, and where the book was printed. Legros v Irving, 38 AD2d 53, 56 [1st Dept 1971]. The case did not delve into where the allegedly defamatory facts took place or where those parties resided; it dealt with publication facts. Another case cited to by Plaintiff – Montgomery v. Minarcin – also pertains to the work undertaken by the defendant, in this instance a reporter – prior to his publication of an allegedly defamatory story. Montgomery v Minarcin, 263 AD2d 665, 667 [3d Dept 1999]). Defendant's final case, George Reiner & Co. v. Schwartz does not even relate to defamation and is instead about a breach of contract.

This is not a case about breach of contract; it is a defamation claim. The relevant facts pertain to the publication of the allegedly defamatory statements, not the facts beneath those

5

statements. If this was a breach of contract claim and Plaintiff's cause of action related to Defendant's employment with him, the analysis would be different. However, this is a case in which Defendant spoke up about a sexual assault and is now getting dragged to New York based on a theory that since her assailant had a contract with her there more than a decade ago, New York is the proper jurisdiction.

Plaintiff is not asserting that Defendant made the allegedly defamatory statements in New York. He also has not alleged that she derives substantial revenue from New York. Plaintiff has not and cannot allege that Defendant made these statements anywhere other than her home state of Oklahoma. For all the reasons alleged in Defendant's moving papers, New York does not have jurisdiction over Defendant.

### IV.   CONCLUSION

Initially Plaintiff's has not stated a valid cause of action against Defendant and this is exactly the type of lawsuit that caused New York to amend its Anti-SLAPP laws. Further, however, Plaintiff fails to allege Defendant engaged in business within New York or derives substantial revenue from interstate or international commerce. As such, the Amended Complaint should be dismissed in its entirety.

Dated:  July 21, 2025
        New York, New York

VERIDIAN LEGAL P.C.

By: _____/Daniel S. Szalkiewicz_____
Daniel S. Szalkiewicz
Cali P. Madia
*Attorneys for Defendant*