# VERIDIAN LEGAL

23 West 73rd Street     T: (212) 706-1007
Suite 102     F: (646) 849-0033
New York, NY 10023     www.veridianlegal.com

January 2, 2026

<u>Via ECF</u>
Hon. Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

*Re:*     *Lidestri v. Burns*
         *United States District Court, Southern District of New York*
         *Docket No. 25-cv-01166*

Dear Judge Rearden,

       We are the attorneys for the defendant, Audrey Burns ("Defendant" or "Audrey"). On December 29, 2025, plaintiff James Lidestri ("Plaintiff") filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). For the reasons set forth below, we write to request that the court either (1) reject the notice or (2) dismiss the case with prejudice.

       On June 9, 2025, Defendant filed a motion to dismiss the second amended complaint (the "Motion to Dismiss"). The Motion to Dismiss sought dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and (6). Substantively, the motion went beyond Plaintiff's mere pleading deficiencies. Audrey argued that the case should be dismissed because New York's Anti-SLAPP law applied, Plaintiff is a public figure, and because the statements are not capable of a defamatory meaning, not concerning Plaintiff, and are true. Audrey also argued the court lacked jurisdiction over her. In support of her motion, Audrey submitted a 10-page declaration discussing her interactions with Plaintiff and included supporting exhibits not contained within the complaint, including Facebook posts, two New York Times articles, and Plaintiff's press releases.

       In opposition to the motion, Plaintiff first requested additional time (DE 21) and then filed a 12-page declaration opposing the motion on the factual merits (DE 22-2). In his memorandum of law, Plaintiff did not reject the additional documents submitted by Audrey; nor did he request the Court disregard them. Rather, Plaintiff claimed his declaration addresses each of the factual allegations raised by Audrey. Finally, in his opposition papers, Plaintiff conceded that New York's anti-SLAPP law applies to publications made in the New York Times but argued that this was not a matter of public interest (DE 22-1). The motion was fully submitted on July 21, 2025.

       While the general rule is "except in the 'extreme' examples where the merits have been brought before the court before the filing of either the answer or a motion for summary judgment, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(A)(i) are not subject to vacatur," it is respectfully submitted that matter is one of those examples. See <u>Champions League, Inc. v. Big3 Basketball, LLC</u>, No. 17-CV-7389 (LTS) (KHP), 2018 U.S. Dist. LEXIS 160301, at *10 (S.D.N.Y. Sep. 17, 2018).



January 2, 2026
Page 2

      First, where a motion to dismiss "could have been treated as a request for summary judgment, because matters outside the pleadings have been presented to the court and not excluded, the right to voluntary dismissal is extinguished." <u>Seippel v. Jenkens & Gilchrist, P.C.</u>, 2004 U.S. Dist. LEXIS 24566, at *4 (S.D.N.Y. Dec. 3, 2004).  Here, the facts were fully briefed by both parties.

      Second, this matter involves New York's anti-SLAPP statute. "A SLAPP suit, typically sounding in defamation, is brought to intimidate or silence a person who has spoken out about a matter of public interest." <u>Reeves v. Associated Newspapers, Ltd.</u>, 2024 NY Slip Op 04286, 1, 232 A.D.3d 10, 12, 218 N.Y.S.3d 19, 21 (App. Div. 1st Dept.).  A number of states, including New York, "have enacted 'anti-SLAPP statutes' with the idea that they provide breathing space for free speech on contentious public issues,' and 'decrease the 'chilling effect' of certain kinds of libel litigation and other speech-restrictive litigation.' <u>Heilbut v. Cassava Scies., Inc.</u>, 778 F. Supp. 3d 551, 564 (S.D.N.Y. 2025).  To permit the Plaintiff to withdraw this action after Audrey has already filed two motions to dismiss and has been subjected to this harassing suit for almost a year would be unjust.  Importantly, Plaintiff's voluntary dismissal is not an indication that that he has reflected and has thought better of suing one of his victims.  Rather, minutes before discontinuing this action, Lidestri filed the identical actions as a counterclaim against Audrey, forcing her to seek dismissal for a third time.

      As such, it is respectfully requested the court treat the motion as one for summary judgment and reject the notice of dismissal without prejudice.

      Very Truly Yours,

      V<small>ERIDIAN</small> L<small>EGAL</small> P.C.

      */s/ Daniel S. Szalkiewicz, Esq.*
      By: Daniel S. Szalkiewicz, Esq.
      **daniel@veridianlegal.com**