# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323   FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • David@iLawco.com • (718) 243-9325

January 9, 2026

*Via ECF to:*

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:**    *James Lidestri v. Audrey Burns*, No. 1:25-cv-01166-JHR
                Response to Defendant's Post-Termination Letter to "Reopen Case"

Dear Judge Rearden:

    We represent Plaintiff James Lidestri in the above-referenced action. We write in response to Defendant's January 2, 2026 letter motion seeking to "reopen" this closed case and disturb Plaintiff's properly filed Notice of Voluntary Dismissal. *See* ECF 26. Defendant's application is procedurally improper and foreclosed by controlling Second Circuit precedent.

### 1. Plaintiff Exercised an Absolute Right to Voluntarily Dismiss Under Rule 41(a)(1)(A)(i)

    On December 29, 2025, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* ECF 25. Under that Rule, a plaintiff has an "unfettered right" to dismiss an action without a court order at any time before the adverse party serves an answer or a motion for summary judgment. *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979).

    Such a dismissal is self-executing. Upon filing, it terminates the action and divests the Court of authority to adjudicate the merits. *Alix v. McKinsey & Co., Inc.*, 470 F. Supp. 3d 310, 314 (S.D.N.Y. 2020). As the Second Circuit has explained, once a Rule 41(a)(1) notice is filed, "there is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Thorp*, 599 F.2d at 1176. Any subsequent order purporting to vacate or nullify a valid Rule 41(a)(1) dismissal would therefore be "void ab initio." *Alix*, 470 F. Supp. 3d at 316.

LEWIS & LIN LLC

## 2. The Pending Motion to Dismiss Was Never Converted to Summary Judgment

Defendant argues that because declarations and exhibits were submitted in support of her Motion to Dismiss, that motion "could have been treated" as one for summary judgment, thereby extinguishing Plaintiff's right to dismiss. That argument fails as a matter of law.

First, a Rule 12 motion converts to summary judgment only if the Court expressly provides notice of conversion under Rule 12(d) and affords the parties a reasonable opportunity to present Rule 56 material. *See Activox, Inc. v. Envirotech Corp.*, 85 F.R.D. 132, 133 (S.D.N.Y. 1980) (finding no conversion where the Court "had not even examined that motion" to determine if affidavits would be excluded). Here, the Court never gave notice of conversion, never indicated an intent to apply a Rule 56 standard, and never addressed the motion on the merits. The parties briefed the motion solely as a motion to dismiss.

Second, the materials submitted by Defendant related primarily to her personal-jurisdiction defense under Rule 12(b)(2). Courts in this District have repeatedly held that consideration of extrinsic evidence on a Rule 12(b)(2) motion does not convert the motion into one for summary judgment. *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 121 (S.D.N.Y. 2020); *See Vasquez v. Hong Kong & Shanghai Banking Corp.*, 477 F. Supp. 3d 241, 249 (S.D.N.Y. 2020).

The cases Defendant cites confirm this result. In *Champions League, Inc. v. Big3 Basketball, LLC*, the court upheld a Rule 41(a)(1)(A)(i) dismissal despite the submission of declarations and evidentiary materials, emphasizing that neither party sought conversion and that the court never gave Rule 12(d) notice. 2018 WL 5619973, at *2–4 (S.D.N.Y. Sept. 17, 2018). Likewise, *Seippel v. Jenkens & Gilchrist, P.C.* rejected an attempt to defeat a voluntary dismissal based on a pending motion to dismiss supported by materials outside the pleadings where no conversion had occurred. 2004 WL 2809205, at *2 (S.D.N.Y. Dec. 7, 2004).

## 3. The Anti-SLAPP Statute Did Not Alter the Procedural Posture

Defendant's reliance on New York's Anti-SLAPP statute to argue for a summary judgment standard fares no better. The Second Circuit has squarely held that state anti-SLAPP procedural mechanisms that impose heightened burdens or probability-of-success standards conflict with the Federal Rules and do not apply in federal court. *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020).

Courts in this District have applied *La Liberte* to New York's Anti-SLAPP law, holding that its burden-shifting and "special motion to dismiss" framework is inapplicable in federal proceedings. *Kesner v. Buhl*, 590 F. Supp. 3d 680, 701 (S.D.N.Y. 2022); *see Nat'l Acad. of*

# LEWIS & LIN LLC

*Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021). Because the Anti-SLAPP statute does not supplant a federal procedural mechanism, it cannot transform a Rule 12 motion into summary judgment or defeat Plaintiff's Rule 41 right.

### 4. There Is No Basis to "Reopen" the Case

Finally, because the dismissal divested the Court of jurisdiction over the merits, there is no case to reopen. While courts retain limited authority to address collateral matters such as sanctions, they may not adjudicate the merits of a voluntarily dismissed action. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Kinney v. Busch*, 5 F. App'x 81, 82 (2d Cir. 2001). Defendant alleges no fraud, frivolousness, or bad faith that would implicate such collateral authority.

### Conclusion

Plaintiff's Notice of Voluntary Dismissal was valid, self-executing, and effective immediately upon filing. Defendant's request to reopen the case or convert the dismissal should be denied.

Very truly yours,

David D. Lin