# VERIDIAN LEGAL

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
www.veridianlegal.com

January 2, 2026

**MEMO ENDORSED (p. 3)**

<u>Via ECF</u>  
Hon. Jennifer H. Rearden  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St.  
New York, NY 10007

*Re:*   *Lidestri v. Burns*  
United States District Court, Southern District of New York  
Docket No. 25-cv-01166

Dear Judge Rearden,

    We are the attorneys for the defendant, Audrey Burns ("Defendant" or "Audrey"). On December 29, 2025, plaintiff James Lidestri ("Plaintiff") filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). For the reasons set forth below, we write to request that the court either (1) reject the notice or (2) dismiss the case with prejudice.

    On June 9, 2025, Defendant filed a motion to dismiss the second amended complaint (the "Motion to Dismiss"). The Motion to Dismiss sought dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and (6). Substantively, the motion went beyond Plaintiff's mere pleading deficiencies. Audrey argued that the case should be dismissed because New York's Anti-SLAPP law applied, Plaintiff is a public figure, and because the statements are not capable of a defamatory meaning, not concerning Plaintiff, and are true. Audrey also argued the court lacked jurisdiction over her. In support of her motion, Audrey submitted a 10-page declaration discussing her interactions with Plaintiff and included supporting exhibits not contained within the complaint, including Facebook posts, two New York Times articles, and Plaintiff's press releases.

    In opposition to the motion, Plaintiff first requested additional time (DE 21) and then filed a 12-page declaration opposing the motion on the factual merits (DE 22-2). In his memorandum of law, Plaintiff did not reject the additional documents submitted by Audrey; nor did he request the Court disregard them. Rather, Plaintiff claimed his declaration addresses each of the factual allegations raised by Audrey. Finally, in his opposition papers, Plaintiff conceded that New York's anti-SLAPP law applies to publications made in the New York Times but argued that this was not a matter of public interest (DE 22-1). The motion was fully submitted on July 21, 2025.

    While the general rule is "except in the 'extreme' examples where the merits have been brought before the court before the filing of either the answer or a motion for summary judgment, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(A)(i) are not subject to vacatur," it is respectfully submitted that matter is one of those examples. See <u>Champions League, Inc. v. Big3 Basketball, LLC</u>, No. 17-CV-7389 (LTS) (KHP), 2018 U.S. Dist. LEXIS 160301, at *10 (S.D.N.Y. Sep. 17, 2018).



January 2, 2026
Page 2

---

First, where a motion to dismiss "could have been treated as a request for summary judgment, because matters outside the pleadings have been presented to the court and not excluded, the right to voluntary dismissal is extinguished." Seippel v. Jenkens & Gilchrist, P.C., 2004 U.S. Dist. LEXIS 24566, at *4 (S.D.N.Y. Dec. 3, 2004). Here, the facts were fully briefed by both parties.

Second, this matter involves New York's anti-SLAPP statute. "A SLAPP suit, typically sounding in defamation, is brought to intimidate or silence a person who has spoken out about a matter of public interest." Reeves v. Associated Newspapers, Ltd., 2024 NY Slip Op 04286, 1, 232 A.D.3d 10, 12, 218 N.Y.S.3d 19, 21 (App. Div. 1st Dept.). A number of states, including New York, "have enacted 'anti-SLAPP statutes' with the idea that they provide breathing space for free speech on contentious public issues,' and 'decrease the 'chilling effect' of certain kinds of libel litigation and other speech-restrictive litigation.'" Heilbut v. Cassava Scies., Inc., 778 F. Supp. 3d 551, 564 (S.D.N.Y. 2025). To permit the Plaintiff to withdraw this action after Audrey has already filed two motions to dismiss and has been subjected to this harassing suit for almost a year would be unjust. Importantly, Plaintiff's voluntary dismissal is not an indication that that he has reflected and has thought better of suing one of his victims. Rather, minutes before discontinuing this action, Lidestri filed the identical actions as a counterclaim against Audrey, forcing her to seek dismissal for a third time.

As such, it is respectfully requested the court treat the motion as one for summary judgment and reject the notice of dismissal without prejudice.

Very Truly Yours,

VERIDIAN LEGAL P.C.

*/s/ Daniel S. Szalkiewicz, Esq.*
By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Application DENIED. A notice of voluntary dismissal under Rule 41(a)(1)(A)(i) "is effective upon filing"; "no court order is technically required." *Fredricks v. Desrochas,* No. 21 Civ. 8389 (JGLC) (SLC), 2024 WL 5506181, at *1 (S.D.N.Y. Nov. 12, 2024), report and recommendation adopted, 2025 WL 1018870 (Apr. 4, 2025) (quoting *Worth v. Picard*, No. 21 Civ. 432 (CSH), 2022 WL 1624043, at *1 (D. Conn. May 23, 2022)). "The notice automatically terminates the action, leaving the parties as though no action had been brought." *Id.* "Because Rule 41(a)(1)(A)(i) applies before the filing of an answer or motion for summary judgment, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not preclude dismissal." *Id.*; *see also Magder v. Lee*, No. 14 Civ. 8461 (JFK), 2015 WL 4887551, at *1 n.2 (S.D.N.Y. Aug. 17, 2015) ("Although Defendants had moved to dismiss Plaintiff's claims, they never entered an answer or moved for summary judgment," and "Plaintiff was [therefore] still free to unilaterally dismiss the action without a court order."). If, however, a motion to dismiss has been converted to and "treated as a request for summary judgment [pursuant to Federal Rule of Civil Procedure 12(d)], . . . the right to voluntary dismissal is extinguished." *Seippe v. Jenkins & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) (quoting *Yosef v. Passmaquoddy Tribe*, 876 F.2d 283, 284, 286 (2d Cir. 1989)); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Here, Defendant's motion to dismiss under Rules 12(b)(6) and 12(b)(2), ECF No. 19, was pending when Plaintiff filed the notice of voluntary dismissal, ECF No. 25, and Defendant had neither answered nor moved for summary judgment. "Consequently, unless the [m]otion[] to [d]ismiss w[as] converted to [a] motion[] for summary judgment . . . [Plaintiff] [wa]s entitled to dismiss this action without the Court's leave." *Fredricks*, 2024 WL 5506181, at *2.

"[T]he filing of [d]eclarations did not automatically convert the [m]otion[] to [d]ismiss to [a] motion[] for summary judgment," *Id.*; *see also Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 121 (S.D.N.Y. 2020) (considering extrinsic evidence on Rule 12(b)(2) motion without converting to Rule 56 motion for summary judgment). Moreover, "at the time plaintiff filed [his] voluntary dismissal, defendant['s] motion could not have been converted into a motion for summary judgment, since the Court had not even examined that motion to determine whether the [declarations] would be excluded from consideration, and since plaintiff had not been given the opportunity to present all material pertinent to a summary judgment motion," as required by Federal Rule 12(d). *Activox, Inc. v. Envirotech Corp.*, 85 F.R.D. 132, 134 (S.D.N.Y. 1980); Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion."). "Even if [the extrinsic materials] could have been considered by conversion of the motion, the motion had not been so converted [before Plaintiff filed the notice of voluntary dismissal]." *Premier Fabrics, Inc. v. Woodland Trading, Inc.*, 42 F. Supp. 3d 549, 552 (S.D.N.Y. 2014) (emphases added). "Thus, no motion for summary judgment had been filed, and [P]laintiff's right to discontinue without prejudice by notice remained extant at the time [P]laintiff's notice was filed." *Id.*

"[B]ecause the Court never considered Defendant['s] motion to dismiss on the merits and instead terminated it without prejudice [when the Clerk of Court closed the case], there is no basis for deeming the motion to have been converted to a motion for summary judgment (nor did the Court ever inform the parties that it intended to convert the motion as required by the Federal Rules) and, therefore, no basis exists for converting the dismissal of this action under Rule 41(a)(1) into a dismissal with prejudice." *Champions League, Inc. v. Big3 Basketball, LLC*, No. 17 Civ. 7389 (LTS) (KHP), 2018 WL 5619973, at *5 (S.D.N.Y. Sept. 17, 2018), report and recommendation adopted, 2019 WL 293305 (S.D.N.Y. Jan. 23, 2019); *see Fredricks*, 2024 WL 5506181, at *2 (dismissing action without prejudice under Rule 41(A)(1)(A)(i) where defendants had filed motion to dismiss under Rule 12(b)(6), including information outside the pleadings); *Madger*, 2015 WL 4887551, at *1 (same); *Worth*, 2022 WL 1624043, at *2-3 (same).

The Clerk of Court is directed to terminate ECF No. 26.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: January 12, 2026